IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No.  CR 1:20-01864-001 JP |
| ROBERT BENJAMIN NELSON, | § § | |
| Defendant. | § § | |

**DEFENDANT'S FIRST UNOPPOSED MOTION TO CONTINUE TRIAL**

**COMES NOW**, Defendant, Robert Benjamin Nelson, by and through his attorney of record, Assistant Federal Defender, Devon M. Fooks, and hereby moves this Court to vacate the trial currently set for December 2, 2020 and reset the matter for the Court's March 2021 trial calendar. As grounds for this motion, Mr. Nelson states as follows:

1.  Mr. Nelson is charged by indictment filed on October 14, 2020 with Count 1: 18 U.S.C. § 1114: Attempted Murder of an Officer of the United States; and Count 2: 18 U.S.C. § 92a(c)(1)(A)(iii): Using and Carrying a Firearm During and in Relation to a Crime of Violence, and Possessing a Firearm in Furtherance of Such Crime; Discharging Said Firearm.  [Doc. 15]

2.  The Honorable Laura Fashing arraigned Mr. Nelson on October 21, 2020.

3.  Counsel for the government has provided Mr. Nelson with discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure on October 30 and November 4, 2020.  Counsel received approximately 800 pages of discovery and 5 videos and 6 audios to date.  While paper discovery has been sent to Mr. Nelson, Mr. Nelson has yet to review the many videos that were disclosed as part of discovery.  Counsel and defendant will not be prepared to go to trial before Mr. Nelson has the opportunity to review the videos disclosed.

4. Defense investigation into this incident is incomplete. Defense counsel will require additional time to conduct a complete and thorough investigation into this matter.

5. By prior order of this court, the trial is set for December 2, 2020. [Doc. 21] The Court entered this order on October 22, 2020. *Id.*

6. Mr. Nelson has recently contracted COVID-19 while at Cibola County Correctional Center.

7. The Federal Rules of Criminal Procedure and the Speedy Trial Act contemplate the use of pretrial resources in an effort to settle cases without a trial. See Rule 11(c), Federal Rules of Criminal Procedure and 18 U.S.C. § 3161(h)(a)(1)(G).

8. The constitution's guarantee of effective assistance of counsel includes adequate time to prepare for trial. Reversing the district court's denial of a motion for continuance of trial, the Eleventh Circuit spoke to this important principle:

> While we appreciate the heavy case loads under which the district courts are presently operating and understand their interest in expediting trials, we feel compelled to caution against the potential dangers of haste, and to reiterate that an insistence upon expeditiousness in some cases renders the right to defend with counsel an empty formality. In our system of justice, the Sixth Amendment's guarantee to assistance of counsel is paramount, insuring the fundamental human rights of life and liberty. The Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not still be done. *Gideon v. Wainwright*, 372 U.S. 335, 343, 83 S. Ct. 792, 796, 9 L. Ed. 2d 799 (1963) (citation and quotations omitted).

9. Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense. Disposition of a request for continuance is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the

Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment. *Avery v. Alabama*, 308 U.S. 444, 446, 60 S. Ct. 321, 322, 84 L. Ed. 377 (1940) (footnotes omitted) (emphasis added). This case presents an instance where a court, in its haste, denied compelling unopposed motions for continuance and in so doing eviscerated one of the Sixth Amendment's essential safeguards. As a result, justice has not been done.

10. *United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995). Denial of adequate time to receive and evaluate discovery, prepare the case, including the time to fully assess the information provided by the government and by the defense's own investigation in order to permit the defendant an opportunity to make a fully informed decision about whether to enter a guilty plea or take the case to trial; and requiring trial before the investigation is complete, before Mr. Nelson has an opportunity to make fully informed decisions about whether or not to proceed to trial, would risk a denial of Mr. Nelson's rights to due process and effective assistance of counsel.

11. Effective assistance of counsel requires the evaluation and discussion of plea possibilities. *Missouri v. Frye,* 566 U.S. 133 (2012). The defense is not yet in the position to evaluate whether a plea is in Mr. Nelson's interest, nor to advise him on the merits of any plea which might be extended in the future.

12. The requested continuance will not give rise to a Speedy Trial Act violation. The additional time required by the continuance may properly be excluded under 18 U.S.C. § 3161(h)(7) on the grounds that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. In particular, failure to grant the continuance would "deny counsel for the defendant [and] the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

13. To require this case to go to trial while plea negotiations are moving forward would be a waste of judicial resources. Furthermore, to require this case to go to trial with a prospect of a settlement to avoid trial, is contrary to the public interest and efficient closure of criminal cases. Therefore, the granting of this motion to continue trial will result in a benefit to the defendant and the public, which outweighs the defendant's and the public's interest in a speedy trial. Counsel has discussed with his client his right to a speedy trial under 18 U.S.C. § 3161. Understanding this need, Defendant has agreed to waive the right to a speedy trial under 18 U.S.C. § 3161 and requests the Court grant a continuance of the trial setting. Failure to grant such a continuance would result in a miscarriage of justice. See *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

14. Assistant United States Attorney Paul Mysliwiec **DOES NOT** oppose this motion.

WHEREFORE, Defendant respectfully requests that this Court continue the trial currently set for December 2, 2020 and reset the trial for the Court's March 2021 trial calendar.

FURTHERMORE, Defendant respectfully request that all previously set deadlines in this matter be adjusted to reflect the new trial date should the Court grant said request.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494 Fax
devon_fooks@fd.org

/s/ *filed electronically November 13, 2020*
DEVON M. FOOKS, AFPD
Attorney for Mr. Robert Nelson

4