IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                           1:20-cr-01864-KWR

ROBERT BENJAMIN NELSON,

    Defendant.

**ORDER FOR *IN CAMERA* REVIEW**

THIS MATTER comes before the Court on Defendant's Opposed Motion to Compel Discovery, filed on September 8, 2021 (**Doc. 42**).  Defendant seeks to compel the Government to disclose a document related to the appointment of New Mexico State Police Officer, SD, as a federal Task Force Officer with Homeland Security Investigations at the U.S. Immigration and Customs Enforcement.  Alternatively, Defendant seeks to compel the Government to produce the document to the Court for *in camera* review of its materiality to Defendant's case.  The Court finds that Defendant's motion is well-taken in part, and, therefore, is **GRANTED IN PART AND DENIED IN PART**.  The Court concludes that the Government must produce the document to the Court for *in camera* review.

Federal Rule of Criminal Procedure 16(a)(1)(E) provides in part that "the government must permit the defendant to inspect and to copy or photograph [documents], if the item is within the government's possession, custody, or control and…the item is material to preparing the defense." Under Rule 16, "evidence is material if there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, or **assisting impeachment or**

**rebuttal**." *See United States v. Graham*, 83 F.3d 1466, 1474 (D.C. Cir. 1996) (emphasis added) (internal quotations and alterations omitted) (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)).

Generally, to determine whether evidence must be disclosed, "[f]irst, the government reviews its files and make its own determination as to what evidence must be disclosed to the defense. Next, [t]o the extent that there is a question as to the relevance or materiality of a given group of documents, the documents are normally submitted to the court for *in camera* review." *United States v. Preldakaj*, 456 F. App'x 56, 59 (2d Cir. 2012) (internal quotations and citations omitted); *see also Browning v. Trammell*, 717 F.3d 1092, 1102 (10th Cir. 2013) (discussing in camera review).  Federal Rule of Criminal Procedure 16(d) allows *in camera* inspection of potential discovery by the Court and provides that

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Fed. R. Crim. P. 16.

Here, Defendant Nelson faces two charges: (1) attempted murder of a United States employee or officer (18 U.S.C. § 1114) and (2) discharge of a firearm during a crime of violence (18 U.S.C. § 924(c)(1)(A)(iii)) in connection with allegedly shooting New Mexico State Police Officer, SD, on September 12, 2020.  *See* **Doc. 1**.  Around August 16, 2021, the United States disclosed a redacted letter from Immigration and Customs Enforcement, dated July 16, 2021, which relates to a background investigation conducted by the agency to determine SD's eligibility to participate in the Federal Task Force Officer program.  *See* **Doc. 42, at 2, ¶ 6**; **Doc. 42-1, Ex. A**.  Defendant asserts that the contents of the unredacted letter are material because the information would bear on "two issues at the heart of" Defendant's case.  *See* **Doc. 42, at 3**.

Defendant has made a compelling argument that the unredacted contents of the letter may be relevant to Defendant's case-in-chief. After reviewing the parties' pleadings, the Court concludes that an *in camera* review of the document is appropriate in order to assess Defendant's assertions that the information is (1) "potentially exculpatory [and relates to SD's] honesty and credibility," or (2) may be "relevant and material to a potential self-defense argument" if the evidence shows that SD was "deemed unfit due to her having a propensity for violence or some other similar characteristic." *Id.* Therefore, the Court directs the United States to file an unredacted copy of the July 16, 2021 letter *ex parte* and for the Court's review within **10 days** of the date of this Order.

**IT IS SO ORDERED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE