IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff,

      vs.                                                    Case No. 1:21-cr-01864-KWR

ROBERT BENJAMIN NELSON,

   Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Count Two of the Indictment for Failure to State an Offense (Doc. 130). Having reviewed the pleadings and the relevant law, the Court finds that the motion is not well-taken, and therefore, is **DENIED.**

### BACKGROUND

Defendant Robert Nelson was indicted for Count 1: attempted murder of a United States employee or officer, in violation of 18 U.S.C. § 1114 and Count 2: discharge of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), in connection with allegedly shooting Officer S.D. on September 12, 2020.[1] Doc. 15. On December 23, 2022, Defendant submitted a Motion to Dismiss Count Two for Failure to State an Offense. Doc. 130. On July 4, 2023, the Government filed a response to Defendant's motion, and on January 5, 2023, Defendant filed a reply to the Government's response.

### DISCUSSION

---

[1] The Court is not making factual findings related to Defendant's conduct on the underlying charges in this Memorandum Opinion and Order.

Defendant argues that attempted murder of an officer of the United States, in violation of 18 U.S.C. § 1114 is not a "crime of violence" as defined in 18 U.S.C. § 924(c)(3)(A). Doc. 159 at 1. Defendant argue that attempted murder lacks the requisites mens rea and the element of force. *Id.* at 1-2. The Government argues that attempted murder has the requisite mens rea and the requires the element of force. Doc. 142 at 4, 10-11.

The Court applies the categorical approach described in *Taylor v. United States*, 495 U.S. 575, 598–600, (1990), to decide whether the offense of second-degree murder qualifies as a crime of violence for purposes of § 924(c). *See Borden v. United States,* 141 S. Ct. 1817, 1822 (2021). "Under that by-now-familiar method, applicable in several statutory contexts, the facts of a given case are irrelevant," and our focus is "whether the elements of the statute of conviction meet the federal standard." *Id.*; *see also Moncrieffe v. Holder*, 569 U.S. 184, 190, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013) ("Accordingly, a state offense is a categorical match with a generic federal offense only if a conviction of the state offense necessarily involved ... facts equating to the generic federal offense" (alterations and internal quotation marks omitted)).

The categorical approach requires that the Court determine whether the elements of the attempted murder necessarily involve a defendant's "use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Unless the least culpable act criminalized in the attempted murder statute entails that force and the requisite mens rea, the statute is not a categorical match with the elements clause, and it does not qualify as a crime of violence. *See Borden*, 141 S. Ct. at 1822.

1. **Attempted Murder of a United States Officer in Violation of 18 U.S.C. § 1114 has the requisite mens rea.**

Both Defendant and the Government focus their arguments on second degree murder. Doc. 130 at 3; Doc. 142 at 3. The Defendant was not indicted for murder (first or second degree), but for attempted murder. Doc. 15. Therefore, the Court will not address whether the mens rea of second degree murder meets the requisite mens rea for a crime of violence. Instead, the Court will address whether the mens rea of attempted murder meets the requisite mens rea for a crime of violence, and the Court finds that it does.

Under 18 U.S.C. § 1114, an individual who "kills or attempts to kill any officer or employee of the United States or of any agency in any branch of the United States while such officer or employee is engaged in or on account of the performance of official duties . . . shall be punished . . . in the case of attempted murder or manslaughter, as provided in section 1113." 18 U.S.C. § 1114. Section 1114 does not specify the elements of "attempt to kill," but it is "settled law that guilt of an attempted murder requires proof that the defendant must have taken a substantial step towards that crime, and must also have had the requisite *mens rea*." *Accord United States v. Kwong*, 14 F.3d 189, 194 (2d Cir. 1994); *see United States v. Vigil*, 523 F.3d 1258, 1267 (10th Cir. 2008). Thus, while "a murder may be committed without an intent to kill, **an attempt to commit murder requires a specific intent to kill**." *Braxton v. United States*, 500 U.S. 344, 351 n* (1991) (emphasis added) (internal quotations omitted); *see also* Eleventh Circuit Pattern Criminal Jury Instructions OI O47 (2020) (listing the elements of attempted murder as "(1) the Defendant did something that was a substantial step toward killing the victim," and "(2) when the Defendant took that step, [he] [she] intended to kill the victim").

Defendant argues that the *Borden* Court held that offenses with a mens rea of recklessness do not qualify as a crime of violence. Doc. 103 at 2. Although one acting "recklessly with extreme disregard for human life" can be convicted of murder if a killing

results, that same recklessness cannot support a conviction of attempted murder if no one is killed.[2] *See* Kwong, 14 F.3d at 194–95. In other words, specific intent to kill rises to a higher level than ordinary recklessness. Therefore, the Court finds that attempted murder has the requisite mens rea for the crime of violence.

### 2. Attempted Murder of a United States Officer in Violation of 18 U.S.C. § 1114 does require the use of force.

Defendant argues that attempted murder does not involve the use of force because a substantial step does not require the use of force. Doc. 144 at 5. The Government argues that the underlying offense is murder, which requires force. Doc. 142 at 10. The Court finds that attempted murder of a United States officer in violation of 18 U.S.C. § 1114 does require the use of force.

The Court agrees that a "substantial step" towards murder does not require the use of physical force. *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022) (holding that "whatever a substantial step requires, it does not require the government to prove that defendant used, attempted to use, or even threatened to use force against another person or his property). However, murder is a crime that requires the use of physical force. *See, e.g., United States v. Pastore*, 36 F.4th 423, 429–30 (2d Cir. 2022) ("[B]ecause second degree murder under New York law is a crime [requiring the use of force], there can be no doubt that attempt to commit second degree murder under New York law is itself categorically a crime of violence"); *Alvarado-Linares v. United States*, 44 F.4th 1334, 1347 (11th Cir. 2022) (holding that VICAR attempted murder is a crime of violence because when "the completed crime of murder has as an element the use of force, the *attempt* to commit murder has as an element the attempted use of

---

[2] Because the Defendant is indicted for attempted murder, and not second degree murder, the Court will not opine on whether "recklessly with extreme disregard for human life" is a requisite mens rea for a crime of violence.

4

force.") (emphasis in original); *United States v. Smith*, 957 F.3d 590, 596 (5th Cir. 2020) (holding that attempted murder under § 1114(3) is a crime of violence, "[e]ven if [defendant's] substantial step was a nonviolent act to cause another's death"); *United States v. Baez-Martinez*, 950 F.3d 119, 132 (1st Cir. 2020) ("Attempted murder, of course, is separated from murder in that the victim did not die. .... [I]f murder requires violent force because death results, then attempted murder does, too, because the defendant attempted to reach that result."); *United States v. Studhorse*, 883 F.3d 1198, 1203–05 (9th Cir. 2018) (attempted first degree murder, which has "specific intent" and "substantial step" elements, is crime of violence); *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017) (holding that attempted murder satisfied the elements clause, particularly "[g]iven [the clause's] specification that an element of attempted force operates the same as an element of completed force, and the rule that conviction of attempt requires proof of intent to commit all elements of the completed crime").  As such, "[w]hen a defendant takes a substantial step to commit a crime requiring use of force (i.e., murder) and intends to commit that crime, liability for attempt to use that force attaches, even if the substantial step did not involve an act of force." *Sandoval-Flores v. United States*, No. 2:16-CV-719-TC, 2022 WL 17740409, at *10 (D. Utah Dec. 16, 2022). Because murder requires force, the Court finds that attempted murder necessarily involve a defendant's "use, *attempted use*, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A) (emphasis added).

Defendant relies on *United States v. Christie*, 717 F.3d 1156 (2013) to argue that murder can occur without force. Doc. 130 at 4. The Court finds that the case does not apply here. In *Christie*, the defendant was charged with second degree murder. As discussed, attempted murder conviction requires proof of specific intent to kill; recklessness and wanton conduct, grossly

5

deviating from a reasonable standard of care such that defendant was aware of the serious risk of death, does not suffice as proof of an intent to kill. *Kwong*, 14 F.3d at 194–95. Therefore, the Court finds that the underline act of murder requires the use of force, and attempted murder in violation of § 1114 is categorically a "crime of violence" as defined in 18 U.S.C. § 924(c)(3)(A). The Court will not Dismiss Court Two of the Indictment.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Count Two of the Indictment for Failure to State an Offense (Doc. 130) is **DENIED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE