IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                    No.  CR 1:20-01864-001 KWR

ROBERT BENJAMIN NELSON,

        Defendant.

**DEFENDANT'S REPLY IN SUPPORT OF OBJECTIONS TO PRESENTENCE REPORT**

**COMES NOW**, Defendant, Robert Nelson, by and through his attorney of record, Assistant Federal Defenders, Devon M. Fooks and Amanda Lavin and hereby file their reply in support of their objections to the Presentence Report filed in the above-referenced cause number.

*Permanent and Life-Threatening Injuries*

The government correctly states the law surrounding the 4-level increase for permanent or life-threatening injuries pursuant to U.S.S.G. §2A2.1(b)(1)(A) but mischaracterizes Mr. Nelson's argument.  Mr. Nelson's position is that the injuries were neither permanent nor life threatening.

The guidelines define a permanent or life-threatening bodily injury as "injury involving a substantial risk of death; loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent; or an obvious disfigurement that is likely to be permanent. In the case of a kidnapping, for example, maltreatment to a life-threatening degree (e.g., by denial of food or medical care) would constitute life-threatening bodily injury." U.S.S.G. §1B1.1, comment. (n. 1(F))..  Jane Doe's injuries to not fall into this category.  It is undeniable that the

attack itself could have been life-threatening, but the injuries were not.  Certainly they were painful and sustaining the injuries themselves was a traumatic event but the nature of the injuries she suffered does not rise to the level of impairment contemplated by the guidelines.

With regard to her fingers, medical reports were clear that there was some injury to Jane Doe's fingers but they did not incur substantial impairment of the function of the bodily member. Jane Doe has gone back to normal duty such that the impairment sustained does not prevent her from performing her job or even advancing in it.

### Two-Level Reduction for Acceptance of Responsibility

The government correctly states that Application Note 2 states that the adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted and only then admits guilt expressing true remorse; however, Mr. Nelson was never convicted.  By admitting guilt Mr. Nelson spared the government from having to relitigate the case and spared Jane Doe from having to recount the events of that day yet again.

The government has yet to hear Mr. Nelson express his remorse for the simple reason that he has not previously had a forum to do so.  Mr. Nelson will make a statement during the sentencing hearing where he will genuinely express his remorse regarding the incident and will attempt to explain to the Court how the situation appeared from his point of view.

### Flight from Prosecution

Lastly, the government argues that Mr. Nelson's flight from the scene was indeed reckless despite video evidence to the contrary.  The government seems to rely on its interpretation of the video to support its argument.  Specifically, the government states that he kept his truck in "drive"

when he pulled over after being hailed to do so by Jane Doe initiating her emergency equipment. The evidence shows otherwise.

In the video, one can see the brake lights on Mr. Nelson's truck turn on when he slowed down and pulled over. Once the car was safely to the side of the road, the brake lights turn off and the car is stationary on a downward slope. If the truck were in drive as the government posits, Mr. Nelson's vehicle would have proceeded forward while the truck was idling. Furthermore, as seen in the video, the truck was on a downward slope. If the car were in drive on a downward slope with Mr. Nelson's foot off of the brake pedal, the truck would move forward. Indeed, one can see Mr. Nelson reengage the brake and therefore the brake lights when Jane Doe got out of her vehicle providing additional proof that the car was not in drive as placing one's foot on the brake is typically a prelude to placing the car in drive.

**WHEREFORE**, Mr. Nelson respectfully requests that this Court grant his objections to paragraphs 30, 33, and 36 of the Presentence Report.[1]

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd., NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494 Fax
devon_fooks@fd.org
amanda_lavin@fd.org

/s/ filed electronically on 9/5/23
DEVON M. FOOKS, AFPD
AMANDA R. LAVIN, AFPD
Attorneys for Mr. Nelson

---

[1] Counsel for the government correctly states that counsel for Mr. Nelson indicated in the body of his objections that Mr. Nelson is objecting to paragraph 31 of the PSR which is related to the official victim enhancement. This was an artifact of a prior version of the objections. Mr. Nelson does not raise that issue now.