IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                No.  CR 1:20-01864-001 KWR

**ROBERT BENJAMIN NELSON,**

      **Defendant.**

### DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT

      COMES NOW, Defendant, Robert Nelson, by and through his attorney of record Assistant Federal Defender, Devon M. Fooks and hereby objects to paragraph 31 of the Presentence Report which grants a 6-level enhancement to the final offense level pursuant to U.S.S.G. § 3A1.2(b).

### ARGUMENT

Mr. Nelson objects to paragraph 31 of the presentence report to the extent that it grants a 6-level enhancement to Mr. Neslon's final offense level for official victim.

      U.S.S.G. §3A1.2 states

> (a) If (1) the victim was (A) a government officer or employee; (B) a former government officer or employee; or (C) a member of the immediate family of a person described in subdivision (A) or (B); and (2) **the offense of conviction was motivated by such status**, increase by **3** levels.
> (b) If subsection (a)(1) and (2) apply, and the applicable Chapter Two guideline is from Chapter Two, Part A (Offenses Against the Person), increase by **6** levels.

U.S.S.G. § 3A1.2 (emphasis added).  In the present matter the 6-level enhancement does not apply because Mr. Nelson, while motivated by the fact that Jane Doe was law enforcement, was not motivated by the fact that she was a federal officer because he did not know that she was a federal officer at the time.

In *United States v. Kohut*, 553 F.Supp3d 964, Judge Browning addressed this issue. In *Kohut* the defendant assaulted a United States Postal Worker who was delivering mail. The defendant objected to the 6-level enhancement pursuant to §3A1.2(a) and the government agreed. The United States contended that Kohut "knew A.E. was a postal employee because he was wearing a postal uniform, a postal vehicle [was] nearby, and A.E. was delivering mail." Memo. Response at 10. The United States agrees, however, that Kohut "was not motivated by the postal worker's status as a government employee." Objections Response at 2. "It seems that Defendant wanted a cigarette from anyone nearby regardless of the victim's status as a postal employee." Memo. Response at 10.

Section 3A1.2(a) does not apply if the defendant does not know of the victim's official status, "because the guidelines' language explicitly requires knowledge." *United States v. Solorzano,* 832 F. Appx. 276, 282 (5th Cir. 2020). See *United States v. Rivera-Alonzo, 584 F.3d 829, 836 (9th Cir. 2009)*("The key factors are knowledge of the victim's official status and assaultive conduct motivated by that knowledge."). For instance, in *United States v. Solorzano*, the Fifth Circuit concluded that the defendant "was not motivated by" the officer's "official status," because "[h]e did not know" that the officers "were federal officers when he shot at them":

> Throughout this encounter [the officers] drove unmarked vehicles, wore plain clothes, and never informed [the defendant] that they were law enforcement. [A co-defendant] testified at trial that he and [the defendant] did not know they were firing at law enforcement officers. [One of the officers] himself recognized on cross-examination that [the defendant] had no reason to believe they were officers.

*United States v. Solorzano,* 832 F. Appx. at 282. In *United States v. Rivera-Alonzo*, the United States Court of Appeals for the Ninth Circuit held that a district court enhanced properly a sentence under U.S.S.G. § 3A1.2 where the defendant saw a Border Patrol agent in uniform, attempted to run away, eventually dove at the agent's feet, tackled him, and took the agent's gun before being subdued by another agent. See *United States v. Rivera-Alonzo, 584 F.3d at 837* ("The 'Official Victim' enhancement

does not require that a defendant harbor any particular ill-will towards federal agents. It is enough that a defendant knows that the victim is a federal officer and then assaults the officer in an attempt to get away or evade capture.")

In the present matter, Jane Doe was wearing her state issued uniform and driving a state issued vehicle. She was performing a routine traffic stop. Prior to the shooting, Mr. Nelson had no conversation with Jane Doe and a review of Jane Doe's dash cam clearly shows that there was no time for Jane Doe to identify herself as a federal officer.

Accordingly, the 6-level enhancement cannot apply because Mr. Nelson's actions were not motivated by the fact that Jane Doe was a federal officer.

WHEREFORE, Mr. Nelson objects to the 6-level enhancement as applied in paragraph 31 of the presentence report.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd., NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494 Fax
devon_fooks@fd.org
amanda_laving@fd.org

/s/ filed electronically on 9/5/23
DEVON M. FOOKS, AFPD
AMANDA R. LAVIN, AFPD
Attorneys for Mr. Robert Nelson