20IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                          1:20-cr-01864-KWR-1

ROBERT BENJAMIN NELSON,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court following a restitution hearing held on March 20, 2024. At that hearing, the Court heard Defendant's objection concerning restitution to be paid to the New Mexico Crime Victim's Reparation Commission ("NMCVRC"). Defendant contested restitution in the amount of $2,990 to the NMCVRC, who advanced payments for counseling sessions originally paid for by S.D., a victim.[1] The Court took the parties' oral arguments under advisement; the parties filed supplemental briefing on the issue. Docs. 241, 242. Having reviewed the pleadings and relevant law, the Court finds that Defendant's objection is not well taken, and therefore, is **OVERRULED**.

The United States argues there are three requirements it must satisfy for the NMCVRC to receive restitution from Defendant. First, that NMCVRC is a person eligible to receive restitution. Doc. 241 at 2. Second, that the costs of counseling sessions are expenses eligible for restitution under § 3663(b)(2)(A), and third, that the NMCVRC can serve as a beneficiary in an order of restitution, having already provided compensation to S.D., the recipient of the counseling sessions.

---

[1] Defendant does not contest the amount of $2,990, but rather contests whether restitution can be ordered to the NMCVRC. *See generally* Doc. 242.

*Id*.  Defendant does not dispute that the counseling costs are expenses eligible for restitution under 18 U.S.C. § 3663(b)(2)(A).  Doc. 242 at 2.  Rather, Defendant argues NMCVRC is a part of the New Mexico state government as a construct of the legislature, and therefore, is not a "victim" as defined by 18 U.S.C. § 3663A.  *Id*.  Second, Defendant argues the United States has not offered caselaw that NMCVRC can serve as a beneficiary in a restitution order or that NMCVRC is eligible under 18 U.S.C. § 3664(j).  *Id*.  This Court disagrees with Defendant and finds restitution to NMCVRC for $2,990 appropriate.

A district court lacks inherent power to order restitution.  *United States v. Mendenhall*, 945 F.3d 1264, 1267 (10th Cir. 2019) citing, *United States v. West*, 646 F.3d 745, 750 (10th Cir. 2011).  Such authority is granted to courts by Congress, which it has authorized in certain circumstances through 18 U.S.C. §§ 3663 and 3663A.  *Id*.  These sections give courts broad discretion in fashioning restitution orders.  *United States v. Ferranti*, 928 F.Supp. 206, 221 (E.D.N.Y.1996); *United States v. Grundhoefer*, 916 F.2d 788, 793 (2d Cir.1990); *United States v. Casamento*, 887 F.2d 1141, 1177 (2d Cir.1989), cert. denied, 493 U.S. 1081, 110 S.Ct. 1138, 107 L.Ed.2d 1043 (1990).  § 3663A requires district courts to order defendants convicted of certain crimes to pay restitution to the victims of an offense.  18 U.S.C. § 3663A(a)(1).  18 U.S.C. § 3663A(b)(2)(A) states, "[t]he order of restitution shall require that such defendant – in the case of an offense resulting in bodily injury to a victim – pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment."  Under 18 U.S.C. § 3663A(a)(2), "victim" is defined as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered."  There is a longstanding interpretive presumption that unless

there is an express statutory definition otherwise, "person" does not include a sovereign. *Return Mail, Inc. v. United States Postal Serv*., 139 S. Ct. 1853, 1861-62 204 L. Ed. 2d 179 (2019).

18 U.S.C. § 3664(j)(1), the subrogation provision, states, "[i]f a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation."

Here, it is undisputed that S.D. is a person and victim, that the counseling sessions are eligible expenses for restitution, and that NMCVRC advanced the costs of counseling sessions to S.D.  18 U.S.C. § 3663(b)(2)(A); Doc. 242 at 2.  Defendant argues that NMCVRC cannot be a victim because, as a creation of the New Mexico legislature, it is both a sovereign and not a person and therefore, at odds with § 3663 and §3663A.  Doc. 242 at 3 citing, NM-St-Ann § 31-22-1 *et seq*.  However, the word "victim" in this statutory provision has been interpreted broadly. *United States v. Malpeso*, 943 F. Supp. 254, 257-58 (E.D.N.Y. 1996), aff'd, 126 F.3d 92 (2d Cir. 1997) citing, *United States v. Durham*, 755 F.2d 511, 512–13 (6th Cir.1985); *United States v. Ferranti*, 928 F.Supp. 206, 224 (E.D.N.Y.1996) (restitution to insurance underwriters).  For example, a government entity can be a victim for the purposes of restitution. *Id*. citing, *United States v. Helmsley*, 941 F.2d 71, 101 (2d Cir.1991) (restitution to the I.R.S. and the State of New York), cert. denied, 502 U.S. 1091, 112 S.Ct. 1162, 117 L.Ed.2d 409 (1992); *United States v. Sunrhodes*, 831 F.2d 1537 (10th Cir.1987).  Therefore, this Court rejects Defendant's argument that NMCVRC cannot be a "person" and "victim" for the purposes of § 3663 and §3663A.

While Defendant argues that restitution to NMCVRC for its advancements for counseling sessions are ineligible, this Court disagrees, and finds that because of the subrogation provision,

18 U.S.C. § 3664(j), NMCVRC is eligible for restitution. This subrogation provision is designed to reimburse entities who have advanced the cost of eligible expenses to victims, such as insurance companies, among others. *United States v. Bedonie*, 317 F. Supp. 2d 1285, 1326 (D. Utah 2004), rev'd and remanded on other grounds sub nom. *United States v. Serawop*, 410 F.3d 656 (10th Cir. 2005). In cases where the costs to a victim have been advanced by a third party, that third party can be reimbursed for advances. *Malpeso,* 943 F.Supp. at 258 citing, *United States v. Ferranti*, 928 F.Supp. 206, 224 (E.D.N.Y.1996). Here, while Defendant is correct in his assertion that courts do not have an inherent power to order restitution, NMCVRC advanced payments to victim S.D. to pay for counselling sessions, which are eligible restitutionary expenses under 18 U.S.C. § 3663. Restitution for subrogated expenses is permissible under § 3664(j)(1).[2] Accordingly, this Court finds because NMCVRC is a person to which restitution can be ordered, the expenses in question are eligible under § 3663(b)(2)(A), and because NMCVRC subrogated such expenses to S.D., a victim, restitution is proper.

**IT IS THEREFORE ORDERED** that Defendant's objection to the restitution in the amount of $2,990 to the New Mexico Crime Victim's Reparation Commission is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant must pay restitution in the amount of $2,990 to the New Mexico Crime Victim's Reparation Commission.

/s/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

---

[2] The United States argues, and this Court agrees, that restitution has been routinely ordered by this Court to the NMCVRC. Doc. 241 at 1-2 citing, *United States v. Henry*, 22-CR-1978-MLG, Doc. 48; *United States v. Yazzie*, 23-CR-1629-JB, doc. 17; *United States v. Haceesa*, 22-CR-1673-DHU, Doc. 43; *United States v. Zamora*, 22-CR-909-JCH; *United States v. Tsethlikai*, 19-CR-1824-MV; *United States v. Smith*, 21-CR-1500-KWR; *United States v. Baker*, 19-CR-4272-WJ.